Mnyti, 1810.
Bay, J.,
delivered the opinion of tbe court. The right of property could not be in issue on the trial of the indictment, and therefore the evidence offered to prove that right was properly rejected. The right which Rogers had to take the crop he had raised, devolved on his administrator after his death. The land was *439 sold as the property of Manning. The purchaser could acquire no greater estate, or interest, than Manning possessed, or was entitled to. Manning was not entitled to take the crop, which had b"en planted and reared by another, as his own. He was entitled to take it in autre droit, as administrator. If Rogers had survived, the crop' could not be taken from him by the purchaser of the land sold under execution as the, property of Manning, liis death cannot give the purchaser at sheriffs’ sale a right which he would not otherwise be entitled to. The administrator had a right to enter and take the crop, for the same was assets, for the collection and administration of which he was accountable. The crop growing, or standing, on the land, was sufficient evidence of Rogers’ possession during his life, and of the possession of his administrator, as soon as he qualified as administrator ; and the possession could not be divested, by any legal stratagem, until the season for gathering in the crop was entirely gone. ' The administrator was then in con. temptation of law in the possession oí the land, and it was unlawful in the defendants to interrupt, or disturb, that possession. The administrator had a right to hold possession of the. land until the crop was secured, and no other person could have the right of possession so as to interfere with this right oí the administrator, though another might have the right of property, and even the right of pos. session in all the land except that on which the crop was standing.
Note. Sse 4 Johns. 150, Hyatt v. Wood. A person having a possessory title to land, entered by force, and-ejected die mere possessor, ruled the latter could not maintain trespass. But such legal owner, forcibly entering, under color of title, is indictable /hr a breach of the peace. One in possession, and claiming title, may justify au assault and buttery in defence of his possession Cro. Car. 138. 7 T. ft. 431, Run. 60, 6t. fineutay have the interest in agrowing crop, and another the title to the land; but if ai.y portion of the crop belongs tu the owner of the land, the whole seems to belong to him 3 Johns 221 Co. Litt. 4. ST. ft. 335. 3 Burr. 1824. 4 Mass. T. Ü. 266. 5 Biun. 285.,
Motion rejected.